IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVELYN H. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:15-CV-003-WKW |
| | ) |
| JOHNSON MACK DAVIS, | ) |
| | ) |
| Defendant. | ) |
| _____ | |
| BATTLE & BATTLE FUNERAL | ) |
| HOME, INC., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EVELYN H. DAVIS, and | ) |
| JOHNSON MACK DAVIS, | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This action is in need of a deep house cleaning. A brief account of the procedural history will reveal why.

This lawsuit originated in the Circuit Court of Macon County, Alabama. Plaintiff Evelyn H. Davis's husband (L. A. Davis), who is now deceased, was insured under a group life insurance policy ("Policy") through his employer, General Motors. Metropolitan Life Insurance Company ("Met Life") administered

the Policy under which Mr. Davis had life insurance coverage of approximately $71,000. Mr. Davis died on April 13, 2014. Upon Mr. Davis's death, the life benefits under the Policy became payable to the proper beneficiary, and the lawsuit involves a dispute as to whether Evelyn H. Davis or Mr. Davis's brother (Johnson Mack Davis) is the proper beneficiary under the Policy.

Evelyn H. Davis's Complaint was framed as a state-law declaratory judgment action against Met Life and Johnson Mack Davis, but Met Life removed the action to the Middle District of Alabama on the basis of complete preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Evelyn H. Davis did not dispute ERISA's application, and the court directed her to file an Amended Complaint to allege a claim under ERISA, and Plaintiff complied.

In the meantime, Met Life filed an Answer to the Complaint, an Interpleader Counterclaim against Evelyn H. Davis (invoking ERISA as the jurisdictional basis), and a Third-Party Complaint in Interpleader against Johnson Mack Davis and Battle & Battle Funeral Home, Inc., which performed the burial services for L. A. Davis and to which Evelyn H. Davis allegedly assigned a portion of the Policy benefits to pay for the services. (Doc. # 3.) Met Life also filed a motion for leave to interplead funds, for dismissal, and for injunctive relief, which the court granted conditionally. (Docs. # 19, 37.)

Johnson Mack Davis filed an Answer to Evelyn H. Davis's Complaint and Met Life's Interpleader Counterclaim. (Doc. # 11.) Battle & Battle Funeral Home, Inc., filed an Answer to the Complaint and Cross-Claims against Evelyn H. Davis and Johnson Mack Davis. (Doc. # 15.) Evelyn H. Davis has not filed an Answer to the Interpleader Counterclaim, and she and Johnson Mack Davis have not filed Answers to Battle & Battle Funeral Home, Inc.'s claims against them. With the dust and cobwebs exposed, here comes the house cleaning.

First, on October 30, 2015, as stated, the court conditionally granted Met Life's unopposed motion for leave to interplead funds. (Doc. # 37.) On December 17, 2015, Met Life deposited the funds into the court's registry. (Doc. # 43.) Accordingly, as set out in the October 30, 2015 Order (Doc. # 37), Met Life is DISCHARGED from further liability with respect to the disputed funds, and Evelyn H. Davis, Johnson Mack Davis, Battle & Battle Funeral Home, Inc., and all persons and entities claiming through them are ENJOINED from instituting any action in any state or United States court against Met Life on any claim arising out of or relating to the funds at issue.

Second, it is ORDERED that all claims against Met Life are DISMISSED with prejudice and that Met Life is DISMISSED as a party to this lawsuit.

Third, for clarification, what remains is a rare federal-question, rule-interpleader action in which Evelyn H. Davis, Johnson Mack Davis, and Battle &

3

Battle Funeral Home, Inc., must litigate or settle their claims for the Policy benefits.  *See* Fed. R. Civ. P. 22; 28 U.S.C. § 1331; *see also Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275–76 (3d Cir. 2007) (observing that "[a] federal question interpleader is a rarity," *id.* at 275, but that "courts of appeals have recognized that an interpleader 'arises under' federal law when brought by an ERISA fiduciary against competing claimants to plan benefits," *id.* at 276 (collecting cases)).

Fourth, the parties must be realigned according to their respective interests now that Met Life has been discharged of its liability and dismissed.  *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (noting that "federal courts are required to realign the parties in an action to reflect their interests in the litigation").  There is a dispute between Evelyn H. Davis and Johnson Mack Davis as to who is the lawful beneficiary of the deceased's life insurance policy.  As to this dispute, Evelyn H. Davis properly is aligned as a plaintiff and Johnson Mack Davis as a defendant.  Battle & Battle Funeral Home, Inc., in turn, contends that, through a contractual assignment or equity, it is entitled to $7,751.00 of the interpleaded funds for the funeral expenses no matter which party—Evelyn H. Davis or Johnson Mack Davis—is deemed the lawful beneficiary.  Under these factual circumstances, Battle & Battle Funeral Home, Inc., is best situated as a third-party plaintiff and Evelyn H. Davis and Johnson Mack Davis as third-party defendants.  Accordingly, it is ORDERED that the

parties are REALIGNED as set out herein and in the caption above.  The Clerk of the Court is DIRECTED to amend the docket to reflect the change in the style of this case.  Any objection to the realignment of the parties must be filed **on or before February 19, 2016**.

Fifth, the pleadings themselves also need to be pared down and restyled.  *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1715 (3d ed. 2001) ("The usual rules of pleading are applicable to an interpleader action, as are the principles calling for the liberal construction of the pleadings and treating mislabeled pleadings according to their substance."). Accordingly, it is ORDERED that the following pleadings are stricken as redundant in light of the federal interpleader action that will resolve the present dispute:  (1) Evelyn H. Davis's Complaint (Doc. # 1-3); (2) Met Life's Answer to the Complaint (Doc. # 3); (3) Johnson Mack Davis's Answer to the Complaint (Doc. # 11); (4) Evelyn H. Davis's Amended Complaint (Doc. # 40); (5) Met Life's Third-Party Complaint in Interpleader (Doc. # 3); and (6) Battle & Battle Funeral Home, Inc.'s Answer to Met Life's Third-Party Complaint (Doc. # 15).

It is further ORDERED that the operative pleadings are as follows:  (1) the Interpleader Counterclaim (Doc. # 3), which is restyled as the Interpleader Complaint; (2) Johnson Mack Davis's Answer to the Interpleader Counterclaim (Doc. # 11), which is restyled as an Answer to the Interpleader Complaint; and

(3) Battle & Battle Funeral Home, Inc.'s Cross-Claim (Doc. # 15), which is restyled as a Third-Party Complaint against Evelyn H. Davis and Johnson Mack Davis. The Clerk of the Court is DIRECTED to restyle the pleadings in accordance with this Order.

Sixth, **on or before February 22, 2016**, Evelyn H. Davis is DIRECTED to file a "Response to this Order Setting Out a Statement of her Claim to the Res," which clearly sets forth her basis for claiming entitlement to the insurance proceeds and her opposition to Johnson Mack Davis's claim. *See generally Aetna Cas. & Sur. Co. v. Ahrens*, 414 F. Supp. 1235, 1249 (S.D. Tex. 1975) ("Each claimant will file an answer setting out a statement of his claim to the res (the 'fund') in contest, an answer to the claim of his opponent, if appropriate. . . .").

Seventh, Evelyn H. Davis and Johnson Mack Davis are DIRECTED to file Answers to Battle & Battle Funeral Home, Inc.'s Third-Party Complaint (Doc. # 15) **on or before February 22, 2016**.

DONE this 12th day of February, 2016.

                                       /s/ W. Keith Watkins
                           CHIEF UNITED STATES DISTRICT JUDGE